IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shamar Fullwood, #10121610716, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:18-882-BHH |
| v. ) | |
| ) | |
| J. Reuben Long, ) | |
| Mediko/Medico, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Shamar Fullwood's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pretrial detainee, asserts violations of his right to medical treatment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 11, 2018, Magistrate Judge Thomas E. Rogers, III issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's complaint without prejudice because (1) the J. Reuben Long Detention Center is not a "person" amenable to suit under § 1983, and (2) Plaintiffs has not shown that Medico is a person acting under color of state law or that Medico is otherwise amenable to suit under § 1983. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed, and on May 10, 2018, the copy of the Magistrate Judge's Report that was mailed to Plaintiff was returned as undeliverable. Thus, it appears that Plaintiff has failed to keep the Court apprised of his current address, and he no longer wishes to proceed with this action.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Plaintiff has failed to keep the Court apprised of his current address. In addition, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case should be dismissed without prejudice based on Plaintiff's failure to name a Defendant amenable to suit under § 1983.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9) and dismisses this matter without prejudice.[1]

---

[1] As the Magistrate Judge noted in footnote 2 of his Report, Plaintiff may amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and may be able to cure the deficiencies found by the Court.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

May 14, 2018
Charleston, South Carolina